UNITED STATES DISTRICT COURT

DISTRICT COURT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARITA MULERO, | : | |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| HARTFORD BOARD OF EDUCATION, | : | Civil No. 3:05cv630 (PCD) |
| ROBERT MORRIS, ROBERT HENRY, | : | |
| GAIL P. JOHNSON, JILL | : | |
| CUTLER-HODGMAN AND ANN BIRD, | : | |
| | : | |
|     Defendants. | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure, Defendants, Hartford Board of Education, Robert Morris, Robert Henry, Gail P. Johnson, Jill Cutler-Hodgman and Ann Bird, move [Doc. No. 17] for dismissal of the above captioned action. Defendants argue that: "(1) Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel; (2) Defendants Morris, Johnson and Cutler-Hodgman were not served with the Verified Compliant; (3) Plaintiff has failed to state a claim of infliction of emotional distress; (4) Plaintiff has failed to state a claim for negligent infliction of emotional distress; (5) ADA, Title II does not allow for an employment discrimination claim by a public employee; (6) Plaintiff has failed to state a claim under the Family Medical Leave Act (FMLA); and (7) there is no individual liability for public employees under FMLA." Because this motion can be decided on the res judicata issue, the remaining arguments need not be addressed; Defendants' motion is **granted**. Additionally, Plaintiff's Motion for Preliminary Injunction [Doc. No. 3] is **denied**.[1]

---

[1] On April 18, 2005, Plaintiff filed the present Complaint and also moved for a Preliminary Injunction and Temporary Injunction Order. After a status conference with Judge Droney, the case was transferred to this Court on May 17, 2005. Judge Droney had requested that Plaintiff submit further documents regarding the Motion for Preliminary Injunction but Plaintiff has failed to do so. Regardless, Plaintiff's motion is moot because Defendant's

I.      **Background**

Plaintiff, Margarita Mulero, alleges the following facts in her Complaint, the truth of which the Court presumes for purposes of considering Defendants' motion to dismiss. Plaintiff has been employed by the Hartford Board of Education as a teacher for more than seventeen years and she is tenured within the meaning of Connecticut General Statutes §10-101 et seq. Plaintiff began working for Defendants at the Clark Elementary School around 1999, but it appears from the Complaint that she has not been teaching at the school since January 2002. Plaintiff alleges that Defendants retaliated against her on the basis of her race, disabilities and involvement in protected activities, and that she was ultimately terminated.

Previously, on January 16, 2004, Plaintiff filed a similar complaint in the United States District Court for the District of Connecticut [Doc. No. 18] ("Mulero I"), and Defendants subsequently filed a motion to dismiss. After Plaintiff failed to submit either a memorandum in opposition to the motion or an amended complaint, the Court granted Defendants' motion to dismiss on October 26, 2004. No appeal was taken from the Judgment. The present Complaint was filed April 18, 2005 and later transferred to the Court on May 17, 2005. Defendants thereafter timely filed a Motion to Dismiss.

II.     **Discussion**

   A.     **Standard of Review**

A motion to dismiss must be decided on the facts as alleged in the complaint. Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001). All facts in the complaint are assumed to be true and are considered in the light most favorable to the non-movant. Manning v. Utils. Mut. Ins.

---

Motion to Dismiss is granted.

2

Co., Inc., 254 F.3d 387, 390 n.1 (2d Cir. 2001).  A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)).  "The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof."  Ryder Energy Dist. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (internal quotation marks omitted).  The Court "should not be swayed into granting the motion because the possibility of ultimate recovery is remote."  Id.

    **B.**    **Res Judicata**

Defendants argue that Plaintiff's action is barred by the doctrine of res judicata because she previously filed a complaint in this court virtually identical to the Complaint in this case.  The previous complaint, Mulero I, was dismissed after Plaintiff failed to timely file an opposition to Defendants' motion to dismiss.

"[T]he doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."  Securities and Exch. Comm'n v. First Jersey Secs., Inc., 101 F.3d 1450, 1463 (2d Cir. 1996) (quoting Nevada v. United States, 463 U.S. 110, 129-30, 77 L. Ed. 2d 509, 103 S. Ct. 2906 (1983) (internal quotations omitted)).  "A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by

plaintiff upon the same cause of action." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 60 (2d Cir. 1986).

The requirement that the prior judgment be a final judgment on the merits is also clearly met here. "'A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default.'" <u>Morris v. Jones</u>, 329 U.S. 545, 550-51, 67 S.Ct. 451, 455, 91 L.Ed. 488 (1947) (quoting <u>Riehle v. Margolies</u>, 279 U.S. 218, 225, 49 S.Ct. 310, 313, 73 L.Ed. 669 (1929)).

In addition, the new claims alleged in Plaintiff's Complaint may also be defeated under res judicata. Plaintiff added Title VII claims and also alleged that Defendants retaliated against her for filing the previous federal lawsuit (<u>Mulero I</u>). The Court will address these new claims in order.

### (i).  Title VII Claim

In addition to the claims raised in <u>Mulero I</u>, Plaintiff now alleges she has exhausted all administrative remedies and subsequently received a right-to-sue letter from the Justice Department. (Pl.'s Comp. at ¶ 7). She has now presumably added Title VII claims to the Complaint as a result. According to 42 U.S.C. § 2000e-5(f)(1) (1994), an employee must file a claim with the Equal Employment Opportunity Commission ("EEOC"), and then obtain a "right-to-sue" letter, before filing a private action. Plaintiff could not raise the Title VII claim in the first action because the EEOC had not yet issued her the "right-to-sue" letter. But Plaintiff's receipt of a letter from the Justice Department subsequent to an action in which final judgment on the merits has been rendered does not mean that Plaintiff is now given the right to re-file that action; the doctrine of res judicata is not so easily avoided.

Plaintiff's Title VII claims could have been raised in <u>Mulero I</u> and may no longer be

submitted. "Under the doctrine of res judicata, or claim preclusion, '[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.'" Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 439 (2d Cir. 2000) (emphasis added), quoting Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). "Said differently, 'upon a final judgment on the merits, the parties to a suit are barred as to every matter that was offered and received to sustain or defeat a cause of action, as well as to any other matter that the parties had a full and fair opportunity to offer for that purpose.'" Id. (quoting Manhattan Eye Ear & Throat Hosp. v. NLRB, 942 F.2d 151, 155-56 (2d Cir.1991)).

It may be true that Plaintiff was legally unable to allege a Title VII claim in the prior complaint, however, she could have either stayed the proceedings or later amended the complaint. In Woods v. Dunlop Tire Corp., 972 F.2d 36, 41 (2d Cir. 1991), the court held that to avoid a res judicata bar against a second suit where the prior complaint did not raise Title VII claims, a litigant can either (1) seek a stay in the [first suit] pending the outcome of the EEOC's investigation of the administrative complaint or (2) seek a right-to-sue letter from the EEOC 180 days after filing the charge with the EEOC and then amend the [first] compliant to include the Title VII claim. Plaintiff never sought a stay of her first action in order to allow the requisite period to pass, nor did she try to amend the Mulero I complaint to include the Title VII claims. Therefore, the Plaintiff's right-to-sue letter is irrelevant and the new Title VII claim is barred under the doctrine of res judicata.

   **(ii). Retaliatory Claim**

In paragraph 41 of the Complaint, which is the only paragraph in Plaintiff's Complaint

containing allegations different from those in Mulero I, Plaintiff states:

> In 2004 Ms. Mulero had a federal lawsuit pending against the defendants. She also had CCHRO and EEOC complaints pending. The defendants falsely represented to these agencies that Ms. Mulero's employment was not terminated and that she was still an employee in good standing adn [sic] that she had a right to return to her job.

Complaint ¶ 41. The Complaint reveals no material allegations beyond the claims set forth in her prior federal suit, so the Court then turns to Plaintiff's Opposition Memorandum [Doc. No. 23] where Plaintiff argues that the Complaint is alleging she was fired in retaliation for her Mulero I complaint, and that she cannot be barred by res judicata because this retaliation happened subsequent to Mulero I.

Plaintiff alleged in Mulero I that Defendants terminated her employment in retaliation for filing a lawsuit in state court and filing an administrative discrimination complaint with the State of Connecticut Commission of Human Rights and Opportunities ("CCHRO") and the EEOC. First, Plaintiff cannot now add Mulero I to the list of reasons Defendants terminated her employment without alleging some retaliatory actions Defendants have taken subsequent to the last lawsuit. If Plaintiff was already terminated by Defendants before Mulero I, then she could not have been terminated for filing that suit. Second, the Court does not read paragraph 41 as an allegation that Plaintiff was fired in retaliation for the federal lawsuit since it is unclear how Defendants' representations to other agencies could be construed to support such a conclusion.

Even if Plaintiff's Complaint is interpreted liberally to construe such a claim, res judicata still bars cases arising from the same "operative nucleus of fact." Olmstead v. Amoco Oil Company, 725 F.2d 627, 632 (11th Cir. 1984). "New legal theories do not amount to a new

6

cause of action so as to defeat the application of the principle of res judicata." In re Teltronics Services, Inc., 762 F.2d 185, 193 (2d Cir. 1985). "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations. . . .'" Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997) (quoting Restatement (Second) of Judgments § 24(2) (1982)).

      Thus, the final determination of whether Plaintiff is precluded by the Mulero I decision from pursuing the new claim turns on whether the retaliatory claim arises from the same nucleus of operative fact as Mulero I. Olmstead v. Amoco Oil Company, 725 F.2d at 632. Where material factual allegations overlap, "the facts essential to the barred second suit need not be the same as the facts that were necessary to the first suit. It is instead enough that 'the facts *essential to the second* were [already] present in the first.'" Cameron v. Church, 253 F.Supp.2d 611, 620 (S.D.N.Y., 2003) (*citing* Waldman v. Village of Kiryas Joel, 207 F.3d 105, 110-11 (2d Cir. 2000) (citations omitted; emphasis in original). Furthermore, although "*res judicata* will not bar a suit based upon legally significant acts occurring *after* the filing of a prior suit that was itself based upon earlier acts" and a party is not required to amend a complaint to assert causes of action arising from events occurring after the filing of a complaint, the bar will apply when the subsequent facts are merely additional examples of the earlier complained-of conduct, such that the action remains based principally upon the shared common nucleus of operative facts. Cameron v. Church, 253 F.Supp.2d 611, 620 (S.D.N.Y., 2003) (*citing* Waldman v. Village of Kiryas Joel, 207 F.3d at 113). In the end, Plaintiff's bald assertion of retaliatory action, without

reference to conduct, specific facts or circumstances, will not suffice to defeat a motion to dismiss, notwithstanding the liberal pleading standard of Rule 12(b)(6).

Her employment had been terminated at the time Mulero I was filed. The present Complaint does not alter that situation. All that can be additionally proven under the Complaint in this case is that Defendant reacted to the filing of Mulero I. By its default judgment, Plaintiff is not entitled to retry the Defendants' reasons for her termination on the basis of an event which occurred after she had been terminated.

**III.   Conclusion**

Defendants' motion to dismiss Plaintiff's Complaint is granted.

SO ORDERED.

Dated at New Haven, Connecticut, March  20 , 2005.

                                             /s/
                                     Peter C. Dorsey
                                 United States District Judge